**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **ECKHARD N. BUGASCH,** ) | **CASE NO. 5:06CV2978** |
| ) | |
|     **Petitioner,** ) | |
| ) | |
| **v.** ) | **JUDGE PETER C. ECONOMUS** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | **MEMORANDUM OPINION &** |
|     **Respondent.** ) | **ORDER** |

This matter is before the Court upon Petitioner, Eckhard N. Bugasch's, *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28 U.S.C. § 2255 and Supplement. (Dkt. #s 1, 10). Also before the Court is the Government's Response in Opposition to Petitioner's Motion (Dkt. # 13). For the reasons set forth below, Petitioner's motion is **DENIED**.

**I.  FACTUAL BACKGROUND**

On September 3, 2003, a federal grand jury indicted Petitioner, Eckhard N. Bugasch, ("Petitioner"), for violations of Title 18 U.S.C. § 2252(a)(2), (b)(1), and (a)(4)(B). Specifically, count 1 of the superceding indictment charged:

> During the period from about August 7, 2000, to on or about September 20, 2000, in the Northern District of Ohio, Eastern Division, ECKHARD N. BUGASCH, the defendant herein, knowingly did attempt to receive and did receive mailed visual depictions that had been mailed, shipped and transported in interstate and foreign commerce, including computerized depictions and six videotapes entitled "#1 Tammy Learns", "#7 Sherri", "#12 She Does", "#14 Teen Sex", #20 Title 5", and "#29 No

-1-

>Way", variously depicting persons under the age of eighteen (18) engaging in sexually explicit conduct, including oral-genital and genital-genital sexual intercourse, masturbation, and the lascivious exhibition of the genitals and pubic area, *i.e.*, depicting "child pornography".

The grand jury further found:

>On or about the 20th day of September, 2001, in the Northern District of Ohio, Eastern Division, ECKHARD N. BUGASCH, the defendant herein, knowingly did possess a computer that contained numerous visual depictions that had been mailed, shipped and transported in interstate and foreign commerce, specifically, images depicting persons under the age of eighteen (18) engaging in sexually explicit conduct, including various forms of sexual intercourse and the lascivious exhibition of the genitals and pubic area, *i.e.*, depicting "child pornography".

(Case No. 5:02cr0094, Dkt. # 1).

Petitioner, while represented by counsel, entered into a plea agreement with the Government on October 30, 2003, pleading guilty to Count 1 of the superceding indictment. (Case No. 5:02cr94, Dkt. # 34). The Court accepted the plea agreement and on February 4, 2004, sentenced Petitioner to, *inter alia*, 49 months of imprisonment followed by three years of supervised release. Pursuant to the terms of the plea agreement, Petitioner did not file a direct appeal of his sentence or conviction.

On December 12, 2006, Petitioner filed the present Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. In his motion, Petitioner alleges that his defense counsel acted ineffectively by failing to file a notice of appeal on his behalf. (Dkt. # 1). The Government, in its response, argues that Petitioner's motion is time-barred by the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").

## II. STANDARD OF REVIEW

Section 2255 provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (2006). "To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994). Furthermore, 28 U.S.C. § 2255 requires a district court to "grant a prompt hearing" when such a motion is filed, and to "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." Green v. United States, 445 F.2d 847, 848 (6th Cir. 1971); Bryan v. United States, 721 F.2d 572, 577 (6th Cir. 1983).

## III. ANALYSIS

Petitioner contends that his Sixth Amendment right to counsel was violated as a result of his attorney's failure to file a direct appeal from his conviction. (Dkt. # 1).

Section 2255, ¶ 6, provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

>   (1) the date on which the judgment of conviction becomes final;
>
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of du diligence.

28 U.S.C. § 2255 (2006). The one-year limitation period is a statute of limitations. See Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001). Generally, the operative date from which the limitations period begins to run is "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255, ¶ 6(1); See Dodd v. United States, 545 U.S. 353 (2005).

The Sixth Circuit has noted, however, that "because there is a rebuttable presumption that equitable tolling applies to statutes of limitation and there is no indication that Congress did not intend for equitable tolling to apply to the limitations period in habeas cases, the one-year statute of limitations in § 2255 is subject to equitable tolling." Dunlap, 250 F.3d at 1004. The five factors to consider when determining the appropriateness of equitably tolling a statute of limitations are: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in

pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. See Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988); see also Dunlap, 250 F.3d at 1009-10.

Petitioner contends that he retained Dennis DiMartino ("DiMartino") to file a notice of appeal on his behalf. (Dkt. # 1). He alleges that after he was moved to FCI Butner, Petitioner "did not hear anything about [his] appeal anymore from Mr. DiMartino" and that one and a half years after sentencing, Petitioner contacted DiMartino, who told him that an appeal had been filed in his case. (Dkt. # 1). Petitioner further states that "over the course of the next [one and a half] years, [he] wrote at least [ten] letters" to DiMartino inquiring about his appeal, but heard nothing back. (Dkt. # 1).

Petitioner does not provide any further evidence indicating an effort to pursue his right to an appeal. Even assuming these contacts with DiMartino occurred, Petitioner waited 19 months before discovering that an appeal had in fact not been filed. Absent further evidence that Petitioner diligently pursued his right to an appeal, equitable tolling in such circumstances is not appropriate.

Consequently, pursuant to the AEDPA, Petitioner's conviction became final on February 19, 2004, the last date Petitioner could have filed a timely appeal. He did not file a direct appeal, therefore, Petitioner had one year, or until February 22, 2005,[1] to file a

---

[1] February 19, 2005 fell on a Saturday, with Monday, February 21, 2005 being President's Day, thus giving Petitioner until the following Tuesday, or February 22, 2005 within which to file a motion pursuant to § 2255.

motion under § 2255. As Petitioner did not file within that one year period, he is time-barred from filing the present motion, and the Court is without jurisdiction to review the merits of the instant petition.

## IV. CONCLUSION

For the reasons stated above, the Court hereby orders the petition under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody is hereby **DISMISSED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

**IT IS SO ORDERED.**

                                        **/s/ Peter C. Economus - June 6, 2007**
                                        **PETER C. ECONOMUS**
                                        **UNITED STATES DISTRICT JUDGE**